In re Stephen MAKEIN, Debtor.

No. 01–13291–RS.

United States Bankruptcy Court,
D. Massachusetts.

Nov. 8, 2005.

Ms. Kathryn Gianunzio, Mike's Auto Repair, Inc., William Markley, Esq., for Debtor.

David B. Madoff, Esq., Madoff & Khoury, Foxboro, Massachusetts, Successor Chapter 7 Trustee.

### *MEMORANDUM OF DECISION ON DEBTOR'S OBJECTION TO PROOF OF CLAIM OF MIKE'S AUTO REPAIR*

ROBERT SOMMA, Bankruptcy Judge.

Mike's Auto Repair, Inc., has filed a proof of claim in this case in the amount of $3,474.83 for goods sold and services provided; and the Debtor, Stephen Makein,

has objected to the claim.[1] He objects on three grounds: (1) that the claim was filed after the deadline set in this case for filing proofs of claim; (2) that the true obligor on the account in question was not the Debtor himself but Bay State Fabricators, Inc., a corporation of which the Debtor was an officer; and (3) that the statute of limitations for prosecution of the claim has lapsed. After an evidentiary hearing on the objection to claim and receipt of post-trial briefs from the parties, the Court now makes the following findings of fact and rulings of law, addressing the objections in the order in which the Debtor raised them.

█ First, the Debtor contends that this claim should be disallowed because the claim was filed after the deadline set in this case for filing proofs of claim. The Court finds that the claim was indeed filed after the bar date. Nonetheless, a late-filed claim can be allowed as a late-filed claim. In many cases, where the assets of the estate are insufficient to pay timely-filed unsecured claims in full, this is tantamount to disallowance. But where, as in this case, the assets are sufficient to pay all timely *and* late claims in full and to return a surplus to the Debtor, even late-filed claims are entitled to share in the distribution, and that right enjoys priority over any right of the debtor to a distribution. 11 U.S.C. § 726(a)(3) and (a)(6). Accordingly, the lateness of the claim is not cause to disallow it.

█ The Debtor next argues that the claim should be disallowed because not he, but Bay State Fabricators, Inc. ("BSF"), is the true obligor on the account. By a clear preponderance of the evidence, the evidence showed that the Debtor established and assumed responsibility for the account in his own name. It is true, as the Debtor points out, that he sometimes used it on behalf of Bay State Fabricators ("BSF"), that he notified Mike's Auto Repair that BSF was authorized to charge on the account; and that he sometimes arranged for BSF to be billed for and to pay charges he incurred on BSF's behalf. Nonetheless, he established only himself as the obligor on the account. The Debtor is the obligor.

█ Third, the Debtor asserts the statute of limitations defense: that the six-year statutory limitations period for bringing an action on a contract in Massachusetts had lapsed before the commencement of the case, rendering the claim unenforceable. This is an affirmative defense, and the Court finds that the Debtor has carried his burden on it. The evidence showed undisputedly that the charges that comprise the claim at issue arose between 1990 and 1993 and were due and owing no later than July, 1993. The Debtor commenced this bankruptcy case on April 18, 2001. As of that date, Mike's had not instituted a collection action against the Debtor.

The claims at issue are contractual in nature. Under Massachusetts law. a contract action "shall . . . be commenced within six years next after the cause of action accrues." G.L. c. 260, § 2. The claim at issue accrued no later than July, 1993—by that time, even the last of the charges on the account were due and owing—and therefore was over seven years old when the Debtor filed his bankruptcy petition. The Court concludes that, as of the date of the bankruptcy filing, the claim was no longer enforceable under state law. Accordingly, the claim of Mike's Auto Repair must be disallowed.

---

1. The estate includes funds in excess of the value of claims against the estate, so, upon resolution of all claims, the Debtor will receive a distribution, and accordingly he has standing to challenge this claim, whose allowance would reduce his distribution.

■■ The Court must address one further matter before closing. The Debtor requested for the first time in his post-trial brief that the claimant, Mike's Auto Repair, and its principal. Kathryn Gianunzio, should be sanctioned under FED. R. BANKR. P. 9011 for filing this claim after the bar date. The request is wholly without merit, both substantively and procedurally (and experienced bankruptcy counsel should have known it to be so). As I have ruled, even a late-filed claim enjoys priority over the Debtor's right to the surplus; Mike's Auto Body was fully within its rights in filing and prosecuting its claim, even late. The request for sanctions thus fails on its merits. Moreover, a request for sanctions under Rule 9011 must be made by separate motion, and only 21 days after service of such motion on the party against whom sanctions are sought. FED. R. BANKR. P. 9011(c)(1)(A). The Debtor has satisfied neither requirement.

For these reasons, the Court will enter a separate order disallowing the claim of Mike's Auto Repair, Inc., and also denying the Debtor's request for sanctions.